■ ETHEL M. STEBBINS, Respondent-Appellant, v. ORANGEBURG MANU-
FACTURING CO., INC., Appellant-Respondent.— Motions for reargument denied,
without costs. Motions for leave to appeal to the Court of Appeals denied.
Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ FRANK VALENTI, Respondent, v. TRITON CONSTRUCTION CORP., Appel-
lant.— Motion for leave to appeal to the Appellate Division denied, without
costs. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., not
voting.

■ CORA W. VERITY, Appellant, v. CHARLES H. VERITY, Jr., et al.,
Respondents, et al., Defendants.— Motion for leave to appeal to the Court
of Appeals granted. This court certifies that questions of law have arisen
which in its opinion ought to be reviewed by the Court of Appeals. The follow-
ing question is certified: Was the order of this court, dated March 21, 1960,
insofar as it affirmed the interlocutory judgment, properly made? The
findings of fact made by the Special Term have been affirmed by this court.
Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ FLORA VINCENTE, Respondent, v. VINCENTE FONTANALS et al., Appel-
lants.— Motion for a stay granted on condition that appellants be ready to
argue or submit the appeal on October 3, 1960, for which day the appeal is
ordered to be placed on the calendar. The record and appellants' brief must
be served and filed on or before September 1, 1960. Beldock, Acting P. J.,
Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ SEYMOUR WEISMAN et al., Appellants, v. ABRAHAM KOPF, Respond-
ent.— Motion to dismiss appeal denied on condition that appellants be ready
to argue or submit the appeal on September 7, 1960, for which day the appeal
is ordered to be placed on the calendar. The record and appellants' brief
must be served and filed on or before August 1, 1960. Beldock, Acting P. J.,
Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ ARDISCO, LTD., Appellant, v. TACONIC HOLDING CORP., et al., Defend-
ants, and VINCENT E. GROHMANN, et al., Respondents.— In an action to
foreclose a mortgage on real property, plaintiff appeals from so much of an
order of the Special Term, Supreme Court, Westchester County, made March
23, 1960, as denied its motion for summary judgment against the defendants-
respondents. Said defendants are contract vendees of portions of the property
covered by the mortgage, whose contracts were entered into prior to the making
of the mortgage being foreclosed. The Special Term held that, although said
defendants' contracts were either unrecorded or in some instances recorded
subsequent to the mortgage, their liens are superior to the lien of the mortgage
unless the mortgage was taken without notice, actual or constructive, of
their rights (*Cassia Corp.* v. *North Hills Holding Corp.*, 278 App. Div. 960;
*Williamson* v. *Brown*, 15 N. Y. 354). The Special Term also held that a
triable issue exists as to whether plaintiff's assignor, when he took the mortgage,
had knowledge sufficient to put him on inquiry as to the conflicting rights
of the contract vendees. Order insofar as appealed from affirmed, with $10
costs and disbursements. We agree with the determination of the Special
Term. We are also of the opinion that in a case such as this, where the facts
upon which the motion is predicated are clearly not within the knowledge of
the adverse parties, summary judgment should not be granted, and that the
plaintiff should be required to prove its case by common-law proof, subject
to cross-examination. (Cf. *Newman* v. *Newark Fire Ins. Co.*, 281 App. Div.
852; *De France* v. *Oestrike*, 8 A D 2d 735.) Nolan, P. J., Beldock, Ughetta,
Kleinfeld and Pette, JJ., concur.